IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAVID WALSH, | : | |
| | : | |
| Plaintiff, | : | Civil Action No. |
| | : | |
| v. | : | |
| | : | JURY TRIAL DEMANDED |
| PROGRAPHICS COMMUNICATIONS, LLC, DRUMMOND PRESS, INC., and JOHN R. POPE, | : : : : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## COMPLAINT

**COMES NOW** the Plaintiff, David Walsh (hereinafter "Walsh"), and submits this Complaint against the Defendants, ProGraphics Communications, LLC ("ProGraphics"), Drummond Press, Inc. ("Drummond"), and John Pope ("Pope"), (collectively "Defendants"), on the grounds set forth below:

This is a civil action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, (hereinafter "FLSA").

-1-

## PARTIES, JURISDICTION AND VENUE

**1.**

Walsh is a resident of the State of Georgia.

**2.**

ProGraphics is a domestic limited liability company, doing business in Georgia. ProGraphics may be served via its registered agent for service of process, Thomas R. McNeill, Esq., 1201 West Peachtree Street, NW, 14th Floor, Atlanta, Georgia 30309.

**3.**

Drummond is a foreign profit corporation, doing business in Georgia. Drummond may be served via its registered agent for service of process, Paracorp Incorporated, 453 Hardy Ives Lane, Lawrenceville, Georgia 30045.

**4.**

Pope is subject to the jurisdiction and venue of this Court. Pope is a resident of the State of Georgia and can be served at his residence located at 49 Paces West Drive, NW, Atlanta, Georgia 30327-2745.

**5.**

The jurisdiction of this Court is proper pursuant to 28 U.S.C. §§ 1331 and 1337. This Court also has jurisdiction pursuant to 29 U.S.C. § 216(b).

**6.**

Pursuant to 28 U.S.C. § 1391, venue is appropriate in this judicial district as the Defendants live in, conduct business, and/or maintain a registered agent within the Northern District of Georgia.

## FACTUAL ALLEGATIONS

**7.**

Walsh, a Pressman, was an employee of Defendants from 2009 until April 3, 2018.

**8.**

At all times material to this Complaint, Walsh engaged in commerce within the meaning of 29 U.S.C. § 203(b).

**9.**

Defendants were employers within the meaning of FLSA § 203(d) and are not exempt employers under the Act.

**10.**

Walsh was a non-exempt employee of Defendants, who, during the entire term of his employment with Defendants was not paid time and a half wages for all hours he worked in excess of a forty (40) hour work week, in violation of 29 U.S.C. § 207.

**11.**

At all times relevant hereto, Walsh was not responsible for supervising or directing the work of any other employees.

**12.**

At all times relevant hereto, Walsh did not possess the authority to hire or fire other employees.

**13.**

At all times relevant hereto, Walsh's suggestions and recommendations, if any, as to the hiring, firing, advancement, promotion or any other change of status of other employees were not given particular weight.

**14.**

At all times relevant hereto, Walsh's primary duty was not the management of other employees or of a customarily recognized department or subdivision thereof.

**15.**

At all times relevant hereto, Walsh did not exercise discretion or independent judgment with respect to matters of significance in the daily activities he performed.

**16.**

While employed by Defendants, Walsh's base salary was $57,000.00 per year.

**17.**

During the entire course of his employment, Walsh routinely worked ten (10) to twelve (12) hours per day, five (5) days per week, and often worked weekends when there were important, time-sensitive client jobs to be accomplished. Still, Defendants failed to properly compensate Walsh for the excessive overtime hours he worked.

**18.**

Defendants are liable to Walsh for each and every hour of overtime he worked while in Defendants' employ, i.e., approximately twenty (20) hours per week for the past three (3) years.

## COUNT I
### (Claim For Relief Under FLSA § 207)

**19.**

The above facts support Walsh's claims for relief under the FLSA.

**20.**

Defendants' failure to compensate Walsh for all time worked is in violation of § 207 of the Fair Labor Standards Act of 1938, as amended. Such violations are intentional and willful. Said violations give rise to a claim for relief under the FLSA for Walsh for unpaid overtime compensation, liquidated damages in an amount equal

to all unpaid compensation, declaratory and injunctive relief, and reasonable attorney's fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

**WHEREFORE**, Walsh respectfully prays that this Court:

(a) Take jurisdiction of this matter;

(b) Grant a trial by jury as to all matters properly triable to a jury;

(c) Award to Walsh all unpaid overtime compensation;

(d) Award to Walsh liquidated damages in an amount equal to 100% of all unpaid overtime compensation, and prejudgment interest on all amounts owed, as required by the FLSA;

(e) Award Walsh his costs and expenses of litigation, including an award of reasonable attorney's fees.

(f) Award such other further relief that this Court deems just and proper.

## JURY DEMAND

Walsh herein requests a trial by jury of all issues in this action.

Dated this 4th day of June 2018.

          **PANKEY & HORLOCK, LLC**


          By: */s/ Larry A. Pankey*
                Larry A. Pankey
                Georgia Bar No. 560725
                Erin J. Krinsky
                Georgia Bar No. 862274
                ***Attorneys for Plaintiff***

1441 Dunwoody Village Parkway
Suite 200
Atlanta, Georgia 30338-4122
Telephone:   770-670-6250
Facsimile:    770-670-6249
LPankey@PankeyHorlock.com
EKrinsky@PankeyHorlock.com

## CERTIFICATION OF FONT SIZE

Pursuant to Local rule 5.1C of the Local Rules of the United States District Court for the Northern District of Georgia, I, Larry A. Pankey, Esq., of Pankey & Horlock, LLC, attorney for Plaintiff, David Walsh, hereby certify that the foregoing **Complaint** is typewritten in MS Word using Times New Roman font, fourteen (14) point type.

Dated this 4th day of June 2018.

                                        **PANKEY & HORLOCK, LLC**

                                        By:  */s/ Larry A. Pankey*
                                                  Larry A. Pankey
                                                  Georgia Bar No. 560725
                                                  ***Attorneys for Plaintiff***