UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID WALSH,<br><br>    Plaintiff,<br><br>vs.<br><br>PROGRAPHICS COMMUNICATIONS, LLC, DRUMMOND PRESS, INC., and JOHN R. POPE,<br><br>    Defendants. | Civil Action<br>File No.: 1:18-cv-02726-LMM |

## ANSWER

Defendants ProGraphics Communications, LLC ("***ProGraphics***"), Drummond Press, Inc. ("***Drummond***"), and John R. Pope (collectively "***Defendants***") submit their answer to the Complaint of Plaintiff David Walsh ("***Plaintiff***").

Defendants admit that in his introductory paragraph, Plaintiff purports to bring a claim under the Fair Labor Standard Act.  Defendants deny they have acted unlawfully toward Plaintiff or that Plaintiff is entitled to any relief in this action.

## PARTIES, JURISDICTION AND VENUE

1.

Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding where Plaintiff resides.

2.

Defendants admit ProGraphics is a Georgia limited liability company and that it may be served through its registered agent Thomas R. McNeill. Defendants deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.

Defendants admit Drummond is a Florida corporation, with its principal place of business in Jacksonville, Florida, and that it may be served through its registered agent Paracorp Incorporated, at 453 Hardy Ives Lane, Lawrenceville, Georgia 30045. Defendants deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.

Defendants admit Pope is a resident of the State of Georgia and is subject to the jurisdiction of this Court.

5.

Defendants admit the allegations in Paragraph 5 of the Complaint.

6.

Defendants admit the allegations in Paragraph 6 of the Complaint.

## FACTUAL ALLEGATIONS

7.

Defendants deny the allegations in Paragraph 7 of the Complaint.  Walsh was employed by Defendants from November 2008 until April 2, 2018.

8.

Defendants admit the allegations in Paragraph 8 of the Complaint.

9.

Defendants admit the allegations in Paragraph 9 of the Complaint.

10.

Defendants deny Walsh was a non-exempt employee, or that Defendants did not pay him appropriate wages.  Defendants deny any and all remaining allegations contained in Paragraph 10 of the Complaint.

11.

Defendants admit Walsh was not responsible for supervising any other employees.  Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.

Defendants admit the allegations in Paragraph 12 of the Complaint.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding vague and unspecified suggestions and recommendations which he may have made to undisclosed employees of Defendants. Defendants deny any and all remaining allegations contained in Paragraph 13 of the Complaint.

14.

Defendants admit the allegations in Paragraph 14 of the Complaint.

15.

Defendants are without knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding whether he exercised discretion or judgment at any time in performing his daily activities. Defendants deny any and all remaining allegations contained in Paragraph 15 of the Complaint.

16.

Defendants deny the allegations contained in Paragraph 16 of the Complaint.

17.

Defendants deny the allegations contained in Paragraph 17 of the Complaint.

18.

Defendants deny the allegations contained in Paragraph 18 of the Complaint.

## COUNT I

19.

Defendants incorporate by reference as if fully set forth herein their responses to Paragraphs 1 through 18 of the Complaint.

20.

Defendants deny the allegations contained in Paragraph 20 of the Complaint.

Following Paragraph 20 of the Complaint is an unnumbered paragraph that purports to be a prayer for relief. To the extent a response is necessary, Defendants deny Plaintiff is entitled to any of the relief requested.

## AFFIRMATIVE OR OTHER DEFENSES

### FIRST DEFENSE

The Complaint should be dismissed, in whole or in part, because some or all of Plaintiff's claims are barred, at least in part, by the applicable statutes of

limitations, specifically including the Fair Labor Standards Act's two-year statute of limitations.

## SECOND DEFENSE

The Complaint is barred to the extent Plaintiff failed to mitigate his alleged damages.

## THIRD DEFENSE

The Complaint is barred, in whole or in part, because the damages allegedly suffered by Plaintiff are too remote to form the basis of any recovery against Defendants.

## FOURTH DEFENSE

The Complaint is barred, in whole or in part, to the extent Plaintiff seeks to recover damages in excess of the amounts allowed or provided by law.

## FIFTH DEFENSE

The Complaint is barred, in whole or in part, because Plaintiff's own conduct proximately caused his alleged injuries, if any were suffered.

## SIXTH DEFENSE

Plaintiff's claim under the Fair Labor Standards Act for unpaid overtime must fail, as Plaintiff is not entitled to overtime and was paid all compensation due and owing in accordance with the provisions of the Fair Labor Standards Act.

## SEVENTH DEFENSE

Assuming, *arguendo*, Plaintiff worked hours in excess of 40 per week and for which he did not receive additional overtime compensation, Plaintiff's claims are barred because he qualifies for one or more of the overtime exemptions set forth in the Fair Labor Standards Act.

## EIGHTH DEFENSE

Assuming, *arguendo*, Plaintiff does not fall within any exemption to the Fair Labor Standards Act, some or all of the time worked by Plaintiff is not compensable under the provisions of the Portal-to-Portal Act, 29 U.S.C. § 251-62, nor is Plaintiff entitled to pre-judgment interest on these claims.

## NINTH DEFENSE

Plaintiff's claims for recovery of overtime compensation are barred for hours allegedly worked without Defendants' actual or constructive knowledge.

## TENTH DEFENSE

The time for which Plaintiff seeks compensation is de minimis.

## ELEVENTH DEFENSE

Some or all of Plaintiff's claims are barred, in whole or in part, by the doctrines of unclean hands, estoppel, laches, and/or waiver.

## TWELFTH DEFENSE

Defendants reserve the right to amend their Answer and to add defenses or counterclaims as appropriate.

## THIRTEENTH DEFENSE

In asserting all defenses herein, Defendants rely upon and incorporate by reference all responses to the allegations in the Complaint.

WHEREFORE, having fully answered the Complaint, Defendants respectfully request:

(a) Judgment be entered in their favor and all claims asserted in the Complaint be dismissed with prejudice;

(b) Judgment be entered against Plaintiff and in favor of Defendants for all costs and attorney's fees incurred by Defendants in their defense of this action; and

(c) Defendants have and recover such other and further relief as the Court may deem just and proper.

Respectfully submitted this 3rd day of August, 2018.

                    */s/ Aiten M. McPherson*
                    Christopher P. Galanek
                    Georgia Bar No. 282390

Chris.Galanek@bclplaw.com
Aiten M. McPherson
Georgia Bar No. 439899
Aiten.McPherson@bclplaw.com
**BRYAN CAVE LEIGHTON PAISNER LLP**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, Georgia 30309
Telephone: 404-572-6600

*Attorneys for Defendants*

## LOCAL RULE 7.1(D) CERTIFICATION OF COMPLIANCE

I hereby certify that the foregoing pleading has been prepared with Times New Roman font, 14 point, one of the font and point selections approved by the Court in L.R. 5.1B, N.D. Ga.

*/s/ Aiten M. McPherson*
Aiten M. McPherson
Georgia Bar No. 439899

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DAVID WALSH,  Plaintiff,  vs.  PROGRAPHICS COMMUNICATIONS, LLC, DRUMMOND PRESS, INC., and JOHN R. POPE,  Defendants. | Civil Action File No.: 1:18-cv-02726-LMM |

## CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing **ANSWER** with the Clerk of Court using the CM/ECF system which will send email notification of such filing to all counsel of record, and a copy was also sent by U.S. Mail, addressed as follows:

> Larry A. Pankey, Esq.
> Erin J. Krinsky, Esq.
> 1441 Dunwoody Village Parkway, Suite 200
> Atlanta, Georgia  30338-4122
> Email:  LPankey@PankeyHorlock.com
> Email:  EKrinsky@PankeyHorlock.com

This 3rd day of August, 2018.

> */s/ Aiten M. McPherson*
> Aiten M. McPherson
> Georgia Bar No. 439899